UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON

DR. JUSTIN BATEH,

    Plaintiff,

vs.                                                           CASE NO.:

GEORGE H. G. HALL and
HERONVIEW OWNER'S ASSOCIATION, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DR. JUSTIN BATEH, by and through undersigned counsel, hereby sues the Defendants GEORGE H. G. HALL ("HALL") and HERONVIEW OWNER'S ASSOCIATION, INC. ("HERONVIEW"), and in support thereof respectfully, alleges the following:

1. Plaintiff alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the Plaintiff's claims pursuant to 15 U.S.C. § 1692k.

3. Further, subject matter jurisdiction, federal question jurisdiction, and venue for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. The state claims under the FCCPA are conferred supplemental jurisdiction pursuant to 28

U.S. Code § 1367(a), as they arose from the same actions by Defendants in this case and are related to Plaintiff's FDCPA claims.

5. Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff DR. JUSTIN BATEH is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

7. Plaintiff DR. JUSTIN BATEH is a "consumer" as defined in Fla. Stat. § 559.55(2).

8. Plaintiff DR. JUSTIN BATEH is an "alleged debtor."

9. Defendant, GEORGE H. G. HALL, is a debt-collecting agent and attorney for Defendant HERONVIEW, and is a "creditor." GEORGE H. G. HALL is an attorney in Jacksonville, FL with a principal office in Jacksonville, Florida.

10. Defendant, HERONVIEW is a Homeowner's Association incorporated under the laws of Florida with its principal place of business at 5301 Heronview Drive, Jacksonville, FL 32257.

11. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's improper attempts to collect on a debt in Duval County, Florida.

12. Defendants, at all material times, were attempting to collect on home owners association ("HOA") fees from a home that Plaintiff owns, charging improper late fees.

13. On or about August 1, 2018, Plaintiff purchased a foreclosed property located at 5344 Rookery Court, Jacksonville, FL 32257. He did not own or occupy the property prior to

this date.

14. Following the purchase, Plaintiff was contacted by Defendant Heronview. Defendant claimed that Plaintiff owed the back-logged balance of HOA fees for the past four years, plus interest and late fees. This amount came to approximately $1,688.50.

15. However, the covenants related to the property do not include late fees. ***See Exhibit A, Property Covenants, Article III, Section I.*** ("The annual and special assessments and capital contributions, together with interest, costs and reasonable attorneys' fees, shall be a charge on the Lot and shall be a continuing lien upon the Lot against which each assessment . . . is made").

16. Florida case law holds that the home owner's association must follow its declarations with regard to a foreclosure sale. *See Beacon Hill Homeowner's Ass'n v. Colfin Ah-Florida 7, LLC,* 221 So. 3d 710 (3d DCA, May 24, 2017) (holding that under the language adopted by the association, the appellee was not liable for any past due assessments when it purchased the property at the foreclosure sale).

17. On October 5, 2018, Plaintiff received a letter from Defendant Hall, providing a notice of intent to "record a Claim of Lien against the property . . . unless the Association is paid in full the amounts set forth below." ***See Exhibit B, Hall Letter dated October 5, 2018.*** The "amounts set forth below" specifically include late fees of $100. Again, these late fees, unlike the attorney's fees or interest, were not set out in the property covenants.

18. When Plaintiff Bateh purchased the Property, he expected that the Defendants follow the covenants for the Property, regardless of how it was purchased. This includes not placing late fees on an account.

## COUNT I

### (Violation of the FCCPA - HERONVIEW)

19. Plaintiff re-alleges and fully incorporates paragraphs one (1) through eighteen (18) above as if fully stated herein.

20. At all times relevant to this action, Defendant Heronview is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

21. By refusing to stop attempting to collect on an improper debt after being on repeated notice that this debt could not be collected under Florida law, Defendant violated Fla. Stat. § 559.72:

   a. "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist," Fla. Stat. § 559.72(9); and

   b. "[W]illfully engaging in conduct with such frequency as can reasonably be expected to harass the debtor," Fla. Stat. § 559.72(7).

22. There is no basis for Defendant Heronview to continue to demand payment of the late fees that accrued prior to foreclosure.

23. Despite its covenants not listing late fees as collectible on assessments, Defendant continues to attempt to collect an improper debt.

24. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

25. As a result of Defendant Heronview's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages (up to $1000.00), and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77.

26. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff, DR. JUSTIN BATEH, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, HERONVIEW OWNER'S ASSOCATION, INC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II

### (Violation of the FDCPA – GEORGE HALL)

27. Plaintiff DR. JUSTIN BATEH incorporates by reference paragraphs one (1) through eighteen (18) of this Complaint as though fully stated herein.

28. The Defendant George H.G. Hall is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

29. The foregoing acts and omissions of Defendant Hall and his agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. § 1692e(2)(A) (The false representation of—the character, amount, or legal status of any debt); 15 U.S.C. 1692e(5) (The threat to take any action that cannot legally be taken or that is not intended to be taken); and 15 U.S.C. § 1692d (Any conduct the natural consequence of which is to harass, oppress, or abuse any person).

30. As a result of Defendant Hall's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff DR. JUSTIN BATEH respectfully demands judgment against Defendant, GEORGE H. G. HALL, for statutory damages, actual damages, treble damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated this 2nd of January, 2019.

**MAX HUNTER STORY, P.A.**

/s/ Max Story
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esq.
Florida Bar No. 0117740
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff

6

VOL 7602 PG 335

OFFICIAL RECORDS

## ARTICLE III -
## COVENANT FOR MAINTENANCE
## ASSESSMENTS AND CAPITAL CONTRIBUTIONS

Section 1. Creation of the Lien; Personal Obligation of Assessments and Capital Contribution. The Declarant, for each Lot owned within the Properties, hereby covenants, and each Owner of any Lot by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, is deemed to covenant and agree to pay to the Association: (1) annual assessments or charges; (2) charges for capital contributions; and (3) special assessments. Such annual and special asessments and capital contributions shall be established and collected as hereinafter provided. The annual and special assessments and capital contributions, together with interest, costs and reasonable attorneys' fees, shall be a charge on the Lot and shall be a continuing lien upon the Lot against which each assessment and charge for capital contribution is made. Each such assessment and charge for capital contribution, together with interest, costs and reasonable attorneys fees, shall also be the personal obligation of the party who is the Owner of such Property at the time when the assessment or the charge for capital contribution falls due. In the event there is more than one Owner of any given Lot, all owners of such lot shall be jointly and severally liable for the entire amount of such assessments and charge for capital contributions shall not pass to a succesor in title to the Lot unless expressly assumed by them; however, the continuing lien against any portion of the Properties shall not be extinguished or affected by a conveyance therof, unless otherwise provided herein.

Section 2. Purpose of Annual Assessments and Charge for Capital Contributions. The annual assessments levied by the Association and charge for capital contributions shall be used to enable the Association (1) to provide for improvement and maintenance of the Entrance Area, Lake Areas and Drainage Easements as such may be improved from time to time as provided for herein, including without limitation removal of debris and/or vegetation, electrical lighting, signage, irrigation, landscaping, and maintenance and repair of all of the foregoing; (2) To provide for maintenance and operation of all stormwater discharge facilities, stormwater retention and detention storage per plans, specifications and performance criteria as approved by permit from the St. Johns River Water Management District. The Association shall be responsible for the maintenance, operation and repair of the stormwater management system(s). Maintenance of the stormwater management system(s) shall mean the exercise of practices which allow the systems to provide drainage, water storage, conveyance or other stormwater management capabilities as permitted by the St. Johns River Management Distict. The Association shall be responsible for such maintenance and operation. Any repair or reconstruction of the stormwater management system shall be as permitted, or if modified as approved by the St. Johns River Water Management District. (3) To provide for all expenses of operating the Association, including without limitation, insurance expense, legal and accounting fees, payroll and general office operating expenses and to pay any and all other things necessary or desirable in the judgment of the Board of Directors;

4

EXHIBIT A

**GEORGE H. G. HALL**
**ATTORNEY AT LAW**
4736 BLANDING BLVD.
JACKSONVILLE, FLORIDA 32210

MAILING ADDRESS:
P.O. BOX 14124
JACKSONVILLE, FLORIDA 32238-4124

TELEPHONE: 904/379-8859
FACSIMILE: 800/620-8639

October 5, 2018

Via Certified and First Class Mail to:
Mr. Jerry Batteh
9072 Cotswold Way
Jacksonville, FL 32257

**NOTICE OF INTENT TO RECORD A CLAIM OF LIEN**

RE: 5344 Rookery Court, Jacksonville, FL 32257 ("Subject Property")

Dear Mr. Battah:

This office has been retained by the Heronview Owners Association, Inc. (hereinafter "Association") regarding a debt owed to the Association regarding the above referenced Subject Property. As of the date of this letter, the following amounts are currently due on the property to the Association and must be paid within 45 days after your receipt of this letter. **This letter shall serve as Association's notice of intent to record a Claim of Lien against the property no sooner than 45 days after your receipt of this letter, unless the Association is paid in full the amounts set forth below:**

| | |
|---|---|
| Assessments due February 28: | $ 1,170.00 |
| 2015-$290, 2016-$290, 2017-$290, 2018-$300 | |
| Late fees of $25 due each year if not paid by February 28 | 100.00 |
| Interest at 18% per year due on unpaid assessments | 436.05 |
| Attorney fee | 100.00 |
| Total outstanding | $ 1,806.05 |

* Interest accrues at the rate of 18% per annum.

In order to avoid the filing of a claim of lien on the Subject Property and possible foreclosure action and/or money judgment, full payment via cashier's check or money order must be received with forty-five (45) days after receipt of this letter. Please send the total amount due made payable to Heronview Owners Association Inc. (we will not accept checks made payable to this office) within the 45 days to: Heronview Owners Association, Inc., c/o George H. G.Hall, Esq.,4736 Blanding Boulevard, Jacksonville, FL 32210. If you would prefer to enter into a payment plan, please email me at ghghallesq@yahoo.com to discuss if a payment plan is available and to enter into a payment plan before the 45 days have passed.

EXHIBIT B

If you recently filed bankruptcy or were discharged from bankruptcy, please contact our office to inform us of the bankruptcy or discharge and to receive an updated amount due, if any, as this letter is in no way an attempt to collect a pre-bankruptcy debt or violate the automatic stay. This letter is attempt to collect a debt and any information obtained will be used for that purpose. Please govern yourself accordingly.

Sincerely,

George H. G. Hall